**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                          (State)

Case number (*If known*): _____  Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | CMC II, LLC |

2. **All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

_____

3. **Debtor's federal Employer Identification Number** (EIN)

9 0 _ 0 7 6 6 9 7 3

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 800    Concourse Parkway South | |
| Number    Street | Number    Street |
| | P.O. Box |
| Maitland         FL    32751 | |
| City         State   ZIP Code | City         State   ZIP Code |
| Orange | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number    Street |
| | |
| | City         State   ZIP Code |

5. **Debtor's website** (URL)    https://www.consulatemgt.com

| Debtor | CMC II, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

6   2   3   1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    CMC II, LLC
_____    Case number (if known) _____
          Name

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☑ No
   ☐ Yes.    District _____    When _____    Case number _____
                                                  MM / DD / YYYY
                         District _____    When _____    Case number _____
                                                  MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☑ Yes.    Debtor    See Annex 1.                    Relationship    Affiliates.
              District    District of Delaware             When    _____
              Case number, if known    _____    MM / DD / YYYY

---

11. **Why is the case filed in this district?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?**  (Check all that apply.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number        Street

                              _____

                              _____
                              City                          State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____

          Contact name _____

          Phone _____

---

| | **Statistical and administrative information** |
|---|---|

---

Debtor    **CMC II, LLC**
_____
            Name

Case number (if known)_____

| | |
|---|---|
| 13. **Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| 14. **Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☑ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|
| 15. **Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. **Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| 17. **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>I have been authorized to file this petition on behalf of the debtor.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |

Executed on   03/01/2021
              MM / DD / YYYY

**✗** _/s/ Paul Rundell_
Signature of authorized representative of debtor

Paul Rundell
_____
Printed name

Title   Chief Restructuring Officer

Debtor   CMC II, LLC
_____
Name                                                    Case number *(if known)* _____

---

**18. Signature of attorney**

✗   _/s/ Robert A. Weber_____   Date   03/01/2021_____
    Signature of attorney for debtor                      MM  / DD / YYYY

Robert A. Weber_____
Printed name

Chipman Brown Cicero & Cole, LLP_____
Firm name

1313_____North Market Street, Suite 5400_____
Number      Street

Wilmington_____   DE____   19801_____
City                                              State         ZIP Code

302-295-0191_____   weber@chipmanbrown.com____
Contact phone                                  Email address

4013_____   DE_____
Bar number                                     State

---

# ANNEX 1

### Schedule of Debtors

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

|   | DEBTOR | EMPLOYER IDENTIFICATION NUMBER (EIN) |
|---|---|---|
| 1 | CMC II, LLC | 90-0766973 |
| 2 | Salus Rehabilitation, LLC | 20-5694037 |
| 3 | 207 Marshall Drive Operations LLC | 38-3858470 |
| 4 | 803 Oak Street Operations LLC | 37-1653900 |
| 5 | Sea Crest Health Care Management, LLC | 58-2642940 |
| 6 | Consulate Management Company, LLC | 20-5065824 |

**OMNIBUS ACTION BY WRITTEN CONSENT OF THE SOLE MEMBER OF EACH OF THE ENTITIES LISTED ON SCHEDULE A HERETO**

**March 1, 2021**

**WHEREAS**, the Independent Manager (as defined herein) of each of the entities listed on <u>Schedule A</u> hereto (each such entity, the "**Company**"), having been duly authorized and empowered by the sole member of each Company (each such member, a "**Member**") to review, approve and implement strategic alternative transactions (including, for the avoidance of doubt, strategic restructuring alternatives), has considered presentations by the management of, and the financial and legal advisors to, the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

**WHEREAS**, the Independent Manager, in the exercise of his delegated authority, has had the opportunity to consult with the Company's management, as well as financial and legal advisors and other professionals, and fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, based on his review of all available alternatives and advice provided by such advisors and professionals, the Independent Manager, in the exercise of his delegated authority, has determined that it is in the best interest of the Company, its stakeholders, and other parties in interest for the Company to take the actions specified in the following resolutions;

**WHEREAS**, on September 14, 2020, the Member amended (the "**Amendment**") the Limited Liability Company Agreement of the Company to, among other things, appoint Alan J. Carr as the initial Independent Manager of the Company (the "**Independent Manager**"), with the aforesaid delegations of authority; and

**WHEREAS**, pursuant to the authority granted the Independent Manager through the Amendment, the Independent Manager has engaged Alvarez & Marsal North America, LLC to provide Paul Rundell as the Chief Restructuring Officer (the "**CRO**") for the Company and such other personnel as may be required by the Company;

**WHEREAS**, the Independent Manager has been presented with a proposed petition to be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor-in-possession will be sought;

**WHEREAS**, the Independent Manager, in the exercise of his delegated authority, having considered the financial and operational aspects of the Company's business and the best course of action to maximize value, deems it advisable and in the best interests of

the Company, its creditors, and other interested parties that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

**WHEREAS**, the Company contemplates entering, with its affiliates that will also be debtors, into that certain Senior Secured Superpriority Debtor-in-Possession Credit and Guaranty Agreement (the "**DIP Agreement**") with CPSTN Operations, LLC, an affiliated entity; and

**WHEREAS**, the Company, together with its affiliates that will also be debtors, has received term sheets that contemplate the Company's entry into two asset purchase agreements (each, an "**APA**") with certain purchasers pursuant to which the Company shall sell to the purchasers substantially all of the assets of the Company through a sale process, including bidding procedures, as approved by the Bankruptcy Court, pursuant to section 363 of the Bankruptcy Code; and

**WHEREAS**, based upon the foregoing, in the judgment of the Independent Manager, in the exercise of his delegated authority, it is desirable and in the best interests of the Company, its creditors, equity holders, employees, and other interested parties that the Company enter into the DIP Agreement, substantially in the form and substance presented to the Independent Manager, and pursue the transactions contemplated thereby, subject to such changes and alterations based on the reasonable business judgment of the Independent Manager; and

**WHEREAS**, based upon the foregoing, in the judgment of the Independent Manager, in the exercise of his delegated authority, it is desirable and in the best interests of the Company, its creditors, equity holders, employees, and other interested parties that the Company negotiate and enter into the APAs, providing for the purchase of substantially all of the assets of the Company, subject to higher and better offers (the "**Sales**"), substantially in the form and substance to be presented to the Independent Manager, and pursue the transactions contemplated thereby, subject to such changes and alterations based on the reasonable business judgment of the Independent Manager.

**NOW, THEREFORE, BE IT HEREBY**:

*Chapter 11 Case*

**RESOLVED**, that in the judgment of the Independent Manager, in the exercise of his delegated authority, it is desirable and in the best interests of the Company, its subsidiaries, creditors, employees, stakeholders, and other interested parties, that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and it is further

**RESOLVED**, that in the judgment of the Independent Manager, in the exercise of his delegated authority, it is desirable and in the best interests of the Company, its subsidiaries, creditors, employees, stakeholders, and other interested parties, that Paul

Rundell be appointed as the Chief Restructuring Officer for the Company; and it is further

**RESOLVED**, that any officer duly authorized by the Company, through the Independent Manager or the CRO (collectively, the "**Authorized Officers**") are, and each of them hereby is, authorized, directed, and empowered on behalf of the Company to execute and verify a Petition in the name of the Company under the Bankruptcy Code and to cause the same to be filed, in such form and at such time as the Authorized Officers shall determine; and it is further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, with full authority to act without others, hereby are, authorized and directed to obtain postpetition financing and/or use of cash collateral according to the terms negotiated and approved by the Authorized Officers, including under one or more debtor-in-possession credit facilities; and to enter into any guarantees and to pledge and grant liens on the Company's assets as contemplated by or required under the terms of such postpetition financing; and, in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and it is further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered, and directed to certify the authenticity of these resolutions.

### *Entry into APAs and Related Sale Documents*

**IT IS FURTHER RESOLVED**, that the Authorized Officers be, and each hereby is, authorized, directed and empowered to (i) negotiate, execute and deliver the APAs providing for purchase of any or all of the assets of the Company, subject to higher and better offers; (ii) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain approval for and effect the transactions contemplated thereby; (iii) seek authority under the Bankruptcy Code and any other relevant or applicable federal, state, local or non-U.S. law to sell such assets in a Sale; (iv) organize and manage a sales process for such assets that is determined in the reasonable judgment of the Authorized Officers, in consultation with the financial and legal advisors of the Company, which may take the form of an auction or any other process, and which may include the solicitation and identification of potential competing bidders and as approved by the Bankruptcy Court; and it is further

**RESOLVED,** that all other transactions contemplated by the APAs are hereby approved and authorized, all on substantially the terms and conditions set forth in the APAs; and it is further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and directed, in the name and on behalf of the Company, to execute all petitions, schedules, motions, lists, applications, pleadings, and other papers or documents, and to take any and all such other and further actions which such Authorized Officer may deem necessary, proper, or desirable in connection with the case under chapter 11 of the Bankruptcy Code, the DIP Agreement, the APAs, the Sales, and other matters consistent therewith, with a view to the successful prosecution of such case;

### Retention of Professionals

**IT IS FURTHER RESOLVED,** that the Authorized Officers be, and hereby are, authorized and empowered, on behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the chapter 11 case and the transactions contemplated by the foregoing resolutions, including, without limitation, Chipman, Brown, Cicero & Cole, LLP, to act as chapter 11 counsel; Alvarez & Marsal North America, LLC, to represent and assist the Chief Restructuring Officer in carrying out its duties under the Bankruptcy Code; Evans Senior Investments as Broker; and Bankruptcy Management Solutions, Inc., d/b/a Stretto, to act as claims and noticing agent and administrative advisor; and in connection herewith each Independent Manager is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing; and it is further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code and related matters; and in connection therewith, each of the Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the case under chapter 11 of the Bankruptcy Code, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

### General Authority to Implement Resolutions

**IT IS FURTHER RESOLVED,** that each Authorized Officer is hereby authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, additional security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms, and provisions of, and to execute and deliver any amendments, modifications, waivers, or consent to any of the foregoing as

may be approved by any Authorized Officer, which amendments, modifications, waivers, or consents may provide for consent payments, fees, or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers, or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals, or other professionals, and to take any and all action which such Authorized Officer deems necessary or proper in connection with the chapter 11 cases, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral and/or debtor-in-possession financing (in such amounts and on such terms as may be agreed by any Authorized Officer, including the grant of replacement and additional liens, as is necessary or proper for the continuing conduct of the affairs of the Company and certain of its subsidiaries and affiliates), with a view to the successful prosecution of the chapter 11 case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Company's business; and it is further

RESOLVED, that the Authorized Officers be, and hereby are, authorized to execute, deliver, and perform any and all special powers of attorney as such Authorized Officer may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Officer will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as the Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and be it further

RESOLVED, that the Authorized Officers be, and hereby are, authorized and empowered, on behalf of and in the name of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that the Authorized Officers be, and hereby are, authorized and empowered, on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates, and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that the Authorized Officers be, and hereby are, authorized and empowered, on behalf of and in the name of the Company, to pay and direct the payment of all fees and expenses as in the judgment of the Independent Manager shall be

necessary, proper, appropriate, desirable, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by the Authorized Officers to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company in all respects; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by the Authorized Officers, or by any employees or agents of the Company, on or before the date hereof in connections with the transactions contemplated by the foregoing resolutions be, and they hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Company in all respects; and it is further

**RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, instruments, filings, or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings, or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Independent Manager to take all actions necessary, desirable, proper, advisable, or appropriate to consummate, effectuate, carry out, or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that the authority conferred upon any Independent Manager by these Resolutions is in addition to, and shall in no way limit, such other authority as the Independent Manager may have with respect to the subject matter of the foregoing resolutions, and that the omission from these Resolutions of any agreement or other arrangement contemplated by any of the agreements, instruments, or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, or documents described in the foregoing resolutions shall in no manner derogate from the authority of the Independent Manager to take any and all actions convenient, necessary, advisable, or appropriate to consummate, effectuate, carry out, perform, or further the transactions contemplated by and the intents and purposes of the foregoing resolutions; and it is further

**RESOLVED**, the Independent Manager, in the exercise of his delegated authority, has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Limited Liability Company Agreement of the Company, or hereby waives any right to have received such notice; and it is further

**RESOLVED**, that the Authorized Officers (and any of their respective designees and delegates) be and hereby are authorized and empowered to take all actions or not to take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing

member, or manager (or similar role) of each subsidiary of the Company, as applicable, as any Authorized Officer shall deem necessary proper, appropriate, desirable, or advisable to effectuate the purposes of the transactions contemplated herein, including authorizing and causing such subsidiaries to provide guaranties and grant liens in respect of any financing transactions contemplated herein; and it is further

**RESOLVED**, that to the extent that any of the actions authorized by any of the foregoing resolutions have been taken by an Authorized Officer on behalf of the Company, such actions are hereby ratified and confirmed in their entirety; and it is further

**RESOLVED**, that the Secretary of the Company, or any Authorized Officer, is hereby authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Secretary or Independent Manager, a true copy of the foregoing resolutions.

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**CMC II, LLC**

By:    */s/ Alan J. Carr*
Name:  Alan J. Carr
Title:   Independent Manager

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**207 MARSHALL DRIVE OPERATIONS LLC**

By:    _/s/ Alan J. Carr_____

Name: Alan J. Carr

Title:    Independent Manager

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**803 OAK STREET OPERATIONS LLC**

By:     _/s/ Alan J. Carr_
Name: Alan J. Carr
Title:    Independent Manager

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**CONSULATE MANAGEMENT COMPANY, LLC**

By:     _/s/ Alan J. Carr_____
Name:  Alan J. Carr
Title:   Independent Manager

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**SALUS REHABILITATION, LLC**

By:    */s/ Alan J. Carr*
Name:  Alan J. Carr
Title:   Independent Manager

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**SEA CREST HEALTH CARE MANAGEMENT, LLC**

By:    */s/ Alan J. Carr*
Name: Alan J. Carr
Title:  Independent Manager

# **SCHEDULE A**

**Companies:**

1. CMC II, LLC, a Florida Limited Liability Company

2. 207 Marshall Drive Operations LLC, a Florida Limited Liability Company

3. 803 Oak Street Operations LLC, a Florida Limited Liability Company

4. Salus Rehabilitation, LLC, a Delaware Limited Liability Company

5. Sea Crest Health Care Management, LLC, a Florida Limited Liability Company

6. Consulate Management Company, LLC, a Florida Limited Liability Company

Fill in this information to identify the case:

Debtor name: CMC II, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (if known): _____

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim |||
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ANGELA RUCKH, AS RELATOR FOR THE UNITED STATES OF AMERICA C/O KELLOGG HANSEN TODD FIGEL & FREDERICK, PLLC 1615 M ST NW STE 400 WASHINGTON, DC 20036 | DEREK HO, SILVIJA STRIKIS, JAMES WEBSTER III & JOSEPH HALL Phone: 202-326-7900 Email: dho@kellogghansen.com; sstrikis@kellogghansen.com; jwebster@kellogghansen.com; jhall@kellogghansen.com | THE UNITED STATES OF AMERICA AND THE STATE OF FLORIDA EX REL. ANGELA RUCKH V. CMC II, LLC | CONTINGENT UNLIQUIDATED DISPUTED | | | UNDETERMINED |
| 2 | GENESIS REHABILITATION SVCS LOCKBOX# 821322 RT. 38 & EAST GATE DRIVE MOORESTOWN, NJ 08057 | MICHAEL SHERMAN SENIOR VICE PRESIDENT, GENERAL COUNSEL Phone: 610-444-6350 Fax: 610-925-4000 | NOTE PAYABLE ($56,250,626.37) + TRADE PAYABLE ($610,415.47) | | | | $56,861,044 |
| 3 | HEALTHCARE SERVICES GROUP 3220 TILMAN DRIVE SUITE #300 BENSALEM, PA 19020 | JASON BUNDICK, ESQ. Phone: 800-363-4274 Email: info@hcsgcorp.com | NOTE PAYABLE ($19,158,796.68) + TRADE PAYABLE ($309,997.96) | | | | $19,468,795 |
| 4 | OMNICARE INC DEPT# 781668 PO BOX 78000 DETROIT, MI 48278-1668 | ALEXANDER M. KAYNE EVP GENERAL COUNSEL Phone: 513-719-2600 | NOTE PAYABLE ($10,644,256.15) + TRADE PAYABLE ($58,094.24) | | | | $10,702,350 |
| 5 | TRIDENT 6400 PINECREST DR., SUITE 100 PLANO, TX 75024 | TOM MCCAFFERY GENERAL COUNSEL Phone: 800-786-8015 | NOTE PAYABLE | | | | $2,511,783 |
| 6 | WILLIAM C. AKERS, JR. INDIVIDUALLY & AS ADMINISTRATOR OF ESTATE OF ELLWEASE AKERS C/O MARKS, BALETTE, GIESSEL & YOUNG, PLLC ATTN: JACQUES BALETTE, ESQ. 7521 WESTVIEW HOUSTON, TX 77055 | JACQUES BALETTE, ESQ. Phone: 713-681-3070 Fax: 713-861-2811 | SETTLEMENT AGREEMENT | | | | $650,000 |
| 7 | BRYAN FIKE AS PR OF THE ESTATE OF ROBERT FIKE C/O PARVEY & FRANKEL ATTN: ALLAN PARVEY, ESQ. & CARLOS CAVENAGO, III, ESQ. 2069 FIRST STREET STE 100 FORT MYERS, FL 33993 | ALLAN PARVEY, ESQ. & CARLOS CAVENAGO, III, ESQ. Phone: 239-334-0300 Fax: 239-334-0992 Email: Allan@parveyfrankel.com & Carlos@parveyfrankel.com | SETTLEMENT AGREEMENT | | | | $600,000 |
| 8 | MEDLINE INDUSTRIES INC 500 ROSS ST ROOM 154-0460 ATTN 382075 PITTSBURGH, PA 15262 | JIMMY ABRAMS COO Phone: 800-633-5463 Fax: 847-837-2765 Email: finance@medline.com | TRADE PAYABLE | | | | $555,834 |
| 9 | RUTH ANN DUGAN BY AND THROUGH ROSEMARIE CASEMAN, ATTORNEY-IN-FACT C/O WILKES & MCHUGH - TAMPA ONE NORTH DALE MABRY HWY STE 800 TAMPA, FL 33609 | Phone: 800-255-5070 Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $470,000 |
| 10 | SANDRA MASTERS C/O WILKES & MCHUGH - TAMPA ONE NORTH DALE MABRY HWY STE 800 TAMPA, FL 33609 | Phone: 800-255-5070 Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $425,000 |
| 11 | JAMES EDWARD FOSTER C/O WILKES & MCHUGH - TAMPA ONE NORTH DALE MABRY HWY STE 800 TAMPA, FL 33609 | Phone: 800-255-5070 Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $420,000 |
| 12 | ESTATE OF BEDIE FINLEY BY AND THROUGH ANN PATE PERSONAL REPRESENTATIVE C/O WILKES & MCHUGH - TAMPA ONE NORTH DALE MABRY HWY STE 800 TAMPA, FL 33609 | Phone: 800-255-5070 Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $410,000 |
| 13 | ESTATE OF PORTER WILEY SR. BY AND THROUGH LILLIE WILEY, PERSONAL REPRESENTATIVE C/O MENDES, REINS & WILANDER + WILKES & MCHUGH 4401 W. KENNEDY BLVD. SUITE 250 TAMPA, FL 33609 | MENDES, REINS & WILANDER; WILKES & MCHUGH Phone: 813-535-5053; 800-255-5070 Fax: 813-694-7368; 813-286-8820 | SETTLEMENT AGREEMENT | | | | $400,000 |
| 14 | ESTATE OF AUDREY G. PARKER BY AND THROUGH GARY PARKER, PERSONAL REPRESENTATIVE C/O WILKES & MCHUGH - TAMPA ONE NORTH DALE MABRY HWY STE 800 TAMPA, FL 33609 | Phone: 800-255-5070 Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $382,500 |
| 15 | ESTATE OF GEORGIA ROSELEE WREN BY AND THROUGH FAYERAN L. NORMAN, PERSONAL REPRESENTATIVE C/O WILKES & MCHUGH - TAMPA ONE NORTH DALE MABRY HWY STE 800 TAMPA, FL 33609 | Phone: 800-255-5070 Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $365,000 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | SHARON MILLER AS ADMIN OF ESTATE OF SUTTERPHINE MILLER<br>C/O WILLIAMS, NEWMAN, WILLIAMS<br>ATTN: R. PAUL WILLIAMS, III, ESQ.<br>P.O. BOX 23785<br>JACKSON, MS 39225 | R. PAUL WILLIAMS, III, ESQ.<br><br>Phone: 601-226-6722<br>Fax: 601-949-3358 | SETTLEMENT AGREEMENT | | | | $350,000 |
| 17 | DOROTHY FLEMING BY AND THROUGH CYNTHIA MYERS, ATTORNEY-IN-FACT<br>C/O WILKES & MCHUGH - TAMPA<br>ONE NORTH DALE MABRY HWY<br>STE 800<br>TAMPA, FL 33609 | Phone: 800-255-5070<br>Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $335,000 |
| 18 | ESTATE OF SHEILA BALDREE BY AND THROUGH DOUGLAS STALLEY, PR<br>C/O WILKES & MCHUGH - TAMPA<br>ONE NORTH DALE MABRY HWY<br>STE 800<br>TAMPA, FL 33609 | Phone: 800-255-5070<br>Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $300,000 |
| 19 | GARY D. BASS<br>C/O WILKES & MCHUGH - TAMPA<br>ONE NORTH DALE MABRY HWY<br>STE 800<br>TAMPA, FL 33609 | Phone: 800-255-5070<br>Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $273,000 |
| 20 | ESTATE OF WAVER NASH BY AND THROUGH SADIE JANE BELLEMY, PR<br>C/O WILKES & MCHUGH<br>ONE NORTH DALE MABRY HWY<br>STE 800<br>TAMPA, FL 33609 | Phone: 800-255-5070<br>Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $270,000 |
| 21 | ESTATE OF DOROTHY MENDOLA<br>C/O WILKES & MCHUGH - TAMPA<br>ONE NORTH DALE MABRY HWY<br>STE 800<br>TAMPA, FL 33609 | Phone: 800-255-5070<br>Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $270,000 |
| 22 | MARY JEWELL FOR WILLIAM JEWELL, DECEASED<br>C/O WILKES & MCHUGH - TAMPA<br>ONE NORTH DALE MABRY HWY<br>STE 800<br>TAMPA, FL 33609 | Phone: 800-255-5070<br>Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $265,000 |
| 23 | BERTHA OWSLEY, AS EXECUTRIX OF THE ESTATE OF MANIS OWSLEY<br>C/O MORGAN & MORGAN<br>ATTN: TYLER KOCH, ESQ.<br>333 WEST VINE STREET, STE 1200<br>LEXINGTON, KY 40507 | TYLER KOCH, ESQ.<br><br>Phone: 859-219-4529<br>Email: tforsythe@forthepeople.com | SETTLEMENT AGREEMENT | | | | $250,000 |
| 24 | ESTATE OF FRANCES PAULINE HARPER BY JUDY ANN SILENCE, PR<br>C/O MCHUGH FULLER LAW GROUP<br>ATTN: LANCE REINS, ESQ.<br>97 ELIAS WHIDDON ROAD<br>HATTIBSURG, MS 39402 | LANCE REINS, ESQ.<br><br>Phone: 601-261-2220<br>Fax: 601-261-2481<br>Email: lance@mrwlawgroup.com | SETTLEMENT AGREEMENT | | | | $250,000 |
| 25 | RICHARD JOHN BROWN<br>C/O WILKES & MCHUGH - TAMPA<br>ONE NORTH DALE MABRY HWY<br>STE 800<br>TAMPA, FL 33609 | Phone: 800-255-5070<br>Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $240,000 |
| 26 | MICROSOFT CORPORATION<br>1950 N STEMMONS FWY<br>STE 5010<br>DALLAS, TX 75207 | DEV STAHLKOPF<br><br>Phone: 425-882-8080<br>Fax: 425-936-7329 | TRADE PAYABLE | | | | $235,747 |
| 27 | MODCOMP INC<br>CSPI TECHNOLOGY SOLUTIONS<br>1182 EAST NEWPORT CENTER DRIVE<br>DEERFIELD BEACH, FL 33442 | ALEXANDER R. LUPINETTI<br><br>Phone: 954-571-4600<br>Email: hello@cspi.com | TRADE PAYABLE | | | | $230,981 |
| 28 | ESTATE OF ANNE RUTH HURLEY BY AND THROUGH THE PR, BARBARA HURLEY<br>C/O FARAH & FARAH<br>ATTN: LAURENCE C. HUTTMAN, ESQ<br>10 WEST ADAMS ST<br>3RD FLOOR<br>JACKSONVILLE, FL 32202 | LAURENCE C. HUTTMAN, ESQ.<br><br>Phone: 904-549-6434<br>Email: Lhuttman@farahandfarah.com | SETTLEMENT AGREEMENT | | | | $230,000 |
| 29 | ROBERT A. LEE BY AND THROUGH ROBERT E. LEE, ATTORNEY IN FACT<br>C/O WILKES & MCHUGH - TAMPA<br>ONE NORTH DALE MABRY HWY<br>STE 800<br>TAMPA, FL 33609 | Phone: 800-255-5070<br>Fax: 813-286-8820 | SETTLEMENT AGREEMENT | | | | $225,000 |
| 30 | MARY HOLT BY AND THROUGH TERESA MARGRAF, AS PERSONAL REPRESENTATIVE OF THE ESTATE<br>C/O DISTASO LAW FIRM<br>ATTN: SCOTT DISTASO, ESQ.<br>1112 CHANNELSIDE DRIVE<br>STE 5<br>TAMPA, FL 33602 | SCOTT DISTASO, ESQ.<br><br>Phone: 813-259-0022<br>Fax: 813-259-0033<br>Email: info@distasofirm.com | SETTLEMENT AGREEMENT | | | | $225,000 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CMC II, LLC,[1] | Case No. 21-xxxxx (xxx) |
| Debtors. | (*Joint Administration Pending*) |

### DEBTORS' CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), CMC II, LLC and certain of its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") respectfully represent:

1.    Each Debtor is wholly owned by its respective parent entity that holds 100% of such Debtor's membership and equity interests.

2.    The Debtors in these chapter 11 cases are listed with their respective parent entities in the following table:

| DEBTOR | PARENT / SOLE MEMBER |
|---|---|
| CMC II, LLC | LaVie Care Centers, LLC |
| Salus Rehabilitation, LLC | Salus Management Investment, LLC |
| 207 Marshall Drive Operations LLC | Epsilon Health Care Properties, LLC |
| 803 Oak Street Operations LLC | Epsilon Health Care Properties, LLC |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: CMC II, LLC (6973), Salus Rehabilitation, LLC (4037), 207 Marshall Drive Operations LLC (8470), 803 Oak Street Operations LLC (3900), Sea Crest Health Care Management, LLC (2940), and Consulate Management Company, LLC (5824).  The address of the Debtors' corporate headquarters is 800 Concourse Parkway South, Maitland, Florida 32751.

| DEBTOR | PARENT / SOLE MEMBER |
|---|---|
| Sea Crest Health Care Management, LLC | Sea Crest Management Investment, LLC |
| Consulate Management Company, LLC | CMC II, LLC |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CMC II, LLC,[1] | Case No. 21-xxxxx (xxx) |
| Debtors. | (*Joint Administration Pending*) |

## DEBTORS' CONSOLIDATED LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, CMC II, LLC

and certain of its debtor affiliates, as debtors and debtors-in-possession in the above-captioned

chapter 11 cases hereby provides the following list of holders of equity interests:

| DEBTOR | NAME AND ADDRESS OF INTEREST HOLDER | KIND/CLASS OF INTEREST (MEMBER INTEREST) | PERCENTAGE OF INTERESTS HELD (100%) |
|---|---|---|---|
| CMC II, LLC | LaVie Care Centers, LLC c/o Daniel E. Dias, Esq. 800 Concourse Pkwy S., Suite 200 Maitland, FL 32751 | Member Interest | 100% |
| Salus Rehabilitation, LLC | Salus Management Investment, LLC c/o Daniel E. Dias, Esq. 800 Concourse Pkwy S., Suite 200 Maitland, FL 32751 | Member Interest | 100% |
| 207 Marshall Drive Operations LLC | Epsilon Health Care Properties, LLC c/o Daniel E. Dias, Esq. 800 Concourse Pkwy S., Suite 200 Maitland, FL 32751 | Member Interest | 100% |
| 803 Oak Street Operations LLC | Epsilon Health Care Properties, LLC c/o Daniel E. Dias, Esq. 800 Concourse Pkwy S., Suite 200 Maitland, FL 32751 | Member Interest | 100% |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: CMC II, LLC (6973), Salus Rehabilitation, LLC (4037), 207 Marshall Drive Operations LLC (8470), 803 Oak Street Operations LLC (3900), Sea Crest Health Care Management, LLC (2940), and Consulate Management Company, LLC (5824).  The address of the Debtors' corporate headquarters is 800 Concourse Parkway South, Maitland, Florida 32751.

| DEBTOR | NAME AND ADDRESS OF INTEREST HOLDER | KIND/CLASS OF INTEREST (MEMBER INTEREST) | PERCENTAGE OF INTERESTS HELD (100%) |
|---|---|---|---|
| Sea Crest Health Care Management, LLC | Sea Crest Management Investment, LLC<br>c/o Daniel E. Dias, Esq.<br>800 Concourse Pkwy S., Suite 200<br>Maitland, FL 32751 | Member Interest | 100% |
| Consulate Management Company, LLC | CMC II, LLC<br>c/o Daniel E. Dias, Esq.<br>800 Concourse Pkwy S., Suite 200<br>Maitland, FL 32751 | Member Interest | 100% |

Fill in this information to identify the case and this filing:

Debtor Name __CMC II, LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                                    (State)

Case number (*if known*): _____

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration __Debtors' Consolidated Corporate Ownership Statement; Debtors' Consolidated List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___03/01/2021___        x _____
           MM / DD / YYYY                     Signature of individual signing on behalf of debtor

                                         __Paul Rundell__
                                         Printed name

                                         __Chief Restructuring Officer__
                                         Position or relationship to debtor