**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| CMC II, LLC,[1] | Case No. 21-10461 (xxx) |
| Debtors. | (*Joint Administration Pending*) |

**MOTION OF DEBTORS FOR ENTRY OF ORDER (I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR; (B) FILE A CONSOLIDATED LIST OF TOP THIRTY (30) LARGEST UNSECURED CREDITORS; AND (C) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL CREDITORS; AND (II) GRANTING RELATED RELIEF**

CMC II, LLC ("**CMC II**" or the "**Manager Debtor**") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**" or the "**Company**"), hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting the relief described below. In support thereof, the Debtors rely on the *Declaration of Paul Rundell in Support of Chapter 11 Petitions and First Day Papers* (the "**First Day Declaration**"),[2] and respectfully represent as follows:

**RELIEF REQUESTED**

1. By this Motion, the Debtors respectfully request entry of an Order: (i) authorizing the Debtors to (a) file a consolidated list of creditors in lieu of submitting a separate mailing matrix

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: CMC II, LLC (6973), Salus Rehabilitation, LLC (4037), 207 Marshall Drive Operations LLC (8470), 803 Oak Street Operations LLC (3900), Sea Crest Health Care Management, LLC (2940), and Consulate Management Company, LLC (5824). The address of the Debtors' corporate headquarters is 800 Concourse Parkway South, Maitland, Florida 32751.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

for each Debtor, (b) file a consolidated list of the Debtors' thirty (30) largest general unsecured creditors, and (c) redact certain personal identification information for individual creditors; and (ii) granting related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are sections 105(a), 107(c), 342(a), and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007 and 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1001-1(c), 1007-2, 2002-1, 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

### I. THE CHAPTER 11 CASES.

5. On March 1, 2021 (the "**Petition Date**"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors have requested that the Chapter 11 Cases be jointly administered.

6. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. To date, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") has not appointed a creditors' committee in the Chapter 11 Cases, nor has any trustee or examiner been appointed therein.

8. The Debtors in these Chapter 11 Cases manage and operate skilled nursing facilities ("**SNFs**"), providing a variety of services to mostly elderly residents that include short-term rehabilitation, comprehensive post-acute care, long-term care, and physical, occupational, and speech therapies. Debtor CMC II provides management and support services to approximately 140 SNFs, each of which is operated by an affiliate of the Debtors (such SNFs, the "**Managed SNFs**", and such operators, the "**Managed SNF Operators**") under the common ownership of non-Debtor LaVie Care Centers, LLC ("**LVCC**"), doing business as Consulate Health Care. Two of the Managed SNF Operators are Debtors in these Chapter 11 Cases: 207 Marshall Drive Operations LLC ("**Marshall**") and 803 Oak Street Operations LLC ("**Governor's Creek**" and, together with Marshall, the "**Operator Debtors**"). Each of the Operator Debtors operates a 120-bed SNF located in Northern Florida. The remaining Debtors, Salus Rehabilitation, LLC, Sea Crest Health Care Management, LLC, and Consulate Management Company, LLC, are no longer operational but historically provided rehabilitation and management services, respectively.

9. Additional factual background regarding the Company's business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the First Day Declaration, filed contemporaneously with this Motion and incorporated herein by reference.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

### I. THE DEBTORS SHOULD BE AUTHORIZED TO FILE A CONSOLIDATED CREDITOR MATRIX.

10. Local Rule 2002-1(f)(v) requires each debtor, or its duly retained agent, in jointly administered cases to maintain a separate creditor mailing matrix. Del. Bankr. L.R. 2002-1(f)(v). Local Rule 1001-1(c) permits the Court to modify the Local Rules "in the interest of justice." Del.

Bankr. L.R. 1001-1(c). The Debtors submit that permitting them to maintain a single consolidated list of creditors (the "**Creditor Matrix**"), in lieu of filing a separate creditor matrix for each Debtor, is warranted. Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be unnecessarily burdensome and would result in confusing and duplicative notices.[3]

11. Courts in this district have routinely granted the same or similar relief to chapter 11 debtors. *See, e.g.*, *In re GNC Holdings, Inc.*, No. 20-11662 (KBO) (Bankr. D. Del. June 25, 2020) (waiving requirement that debtors maintain separate creditor matrices); *In re AAC Holdings, Inc.*, No. 20-11648 (JTD) (Bankr. D. Del. June 23, 2020) (same); *In re the Hertz Corp.*, No. 20-11218 (MFW) (Bankr. D. Del. May 28, 2020) (same); *In re Quorum Health Corp.*, No. 20-10766 (KBO) (Bankr. D. Del. May 7, 2020) (same); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (same); *In re Pernix Sleep, Inc.*, No. 19-10323 (CSS) (Bankr. D. Del. Apr. 11, 2019) (same).[4]

## II. THE DEBTORS SHOULD BE AUTHORIZED TO FILE A SINGLE CONSOLIDATED LIST OF THE DEBTORS' THIRTY (30) LARGEST UNSECURED CREDITORS.

12. Additionally, Bankruptcy Rule 1007(d) requires the Debtors to file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims." Fed. R. Bankr. P. 1007(d). This "Top 20" List is used to facilitate the appointment of a creditors' committee by the U.S. Trustee. *See In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the separate list of 20 largest creditors required by [Bankruptcy

[3] If any of the Debtors' Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will maintain its own creditor mailing matrix.

[4] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders, however, are available on request.

Rule 1007(d)] is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. 1102(a)(1).").

13. A consolidated list of the Debtors' thirty (30) largest unsecured creditors will sufficiently aid the U.S. Trustee in communicating with these creditors. The Debtors share a common nucleus of large creditors. In light of the foregoing, compiling separate creditor lists for each Debtor would consume a substantial amount of the Debtors' limited time and resources, with little, if any, attendant value to the Debtors' estates or the U.S. Trustee. Accordingly, the Debtors submit that a consolidated list of the Debtors' thirty (30) largest unsecured creditors is reasonable under the circumstances.[5]

14. Courts in this district have routinely granted the same or similar relief to chapter 11 debtors. *See, e.g.*, *In re GNC Holdings, Inc.*, No. 20-11662 (KBO) (Bankr. D. Del. June 25, 2020) (authorizing filing of list of top 30 unsecured creditors); *In re AAC Holdings, Inc.*, No. 20-11648 (JTD) (Bankr. D. Del. June 23, 2020) (same); *In re the Hertz Corp.*, No. 20-11218 (MFW) (Bankr. D. Del. May 28, 2020) (top 50); *In re Quorum Health Corp.*, No. 20-10766 (KBO) (Bankr. D. Del. May 7, 2020) (same); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (top 30); *In re Pernix Sleep, Inc.*, No. 19-10323 (CSS) (Bankr. D. Del. Apr. 11, 2019) (same).[6]

## III. THE DEBTORS SHOULD BE AUTHORIZED TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR CERTAIN CREDITORS.

15. Section 107(c) of the Bankruptcy Code provides that this Court "for cause, may protect an individual, with respect to the following types of information to the extent the court

---

[5] If any of the Debtors' Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file an unconsolidated "Top 20" list within ten (10) days of any such conversion.

[6] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders, however, are available on request.

finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A). Cause exists to authorize the Debtors to redact address information of certain individual creditors—including the Debtors' current and former employees, and current and former residents at their SNFs—from the Creditor Matrix, because such information could be used to perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts.[7] This risk is not merely speculative. In a recent case, the former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[8]

16. Similarly, in *In re Dex Media, Inc.*, the U.S. Trustee objected to the debtors' request to redact employees' addresses, arguing that there was no basis for treating employees differently from other creditors absent specific identifiable harm. Judge Gross rejected this argument, recognizing the importance of protecting individuals from unnecessary security risk:

> I think, that in the present day, with the abuse of private information, that these addresses ought to be redacted, and so, you know, I just think that individuals whose only position is to have been former employees, for example, ought not to have their home addresses listed publicly. I think that [] creates a possibility of abuse and so, I am going to grant the order [to seal].

---

[7] By separate motion filed contemporaneously herewith, the Debtors are seeking to maintain and protect the confidentiality of protected health information of their current and former residents, as required by the Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**"), through the application of certain proposed confidentiality procedures set forth in the motion (the "**Confidentiality Procedures**"). *See Motion Of Debtors For Entry of Order Authorizing the Implementation of Procedures to Maintain and Protect Confidential Health Information*. This Motion only seeks to redact information for current and former residents to the extent they are not encompassed by those Confidentiality Procedures.

[8] This incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [Docket No. 4].

Hr'g Tr., at 21:13-21, *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016).

17. For these reasons, the Debtors respectfully submit that redaction of the address information for all current and former employees listed on the Creditor Matrix is warranted. In addition, a substantial number of the individual creditors on the Creditor Matrix are current or former elderly residents of the Company's SNFs. These individuals are part of a demographic that is especially susceptible to identify theft and other potential harm likely to result from public disclosure of their personal information—particularly in light of advanced technology now available for potential wrongdoers—and, thus, the risks associated with such disclosure are even more acute. Accordingly, the Debtors submit that redaction of the address information of all employees and residents from the Creditor Matrix is appropriate under the circumstances. The Debtors propose to provide an unredacted version of the Creditor Matrix to the U.S. Trustee, counsel to any official committee of unsecured creditors appointed in the Chapter 11 Cases, and this Court.

18. Courts in this district have routinely granted the same or similar relief to chapter 11 debtors. *See, e.g.*, *In re GNC Holdings, Inc.*, No. 20-11662 (KBO) (Bankr. D. Del. June 25, 2020) (authorizing debtors to redact home addresses of individual creditors); *In re AAC Holdings, Inc.*, No. 20-11648 (JTD) (Bankr. D. Del. June 23, 2020) (same); *In re Quorum Health Corp.*, No. 20-10766 (KBO) (Bankr. D. Del. May 7, 2020) (same); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (same).[9]

[9] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders, however, are available on request.

**NOTICE**

19. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service; (c) the Securities and Exchange Commission; (d) the parties included on the Debtors' consolidated list of their thirty (30) largest unsecured creditors; (e) counsel to the proposed DIP Lender; (f) the Office of the United States Attorney for the District of Delaware; (g) all known holders of liens in the Debtors' assets; (h) counsel to the plaintiffs in the case captioned *U.S.A. ex rel. Angela Ruckh v. CMC II, LLC et al.*, and (i) the Debtors' landlords. As this Motion is seeking "first day" relief, notice of this Motion and any order entered in connection with the Motion will be served on all parties as required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

**NO PRIOR REQUEST**

20. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

**Wherefore**, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as the Court may deem proper

Dated: March 2, 2021
Wilmington, Delaware

**Chipman Brown Cicero & Cole, LLP**

/s/ Mark D. Olivere

William E. Chipman, Jr. (No. 3818)
Robert A. Weber (No. 4013)
Mark L. Desgrosseilliers (No. 4083)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Facsimile: (302) 295-0199
Email: chipman@chipmanbrown.com
weber@chipmanbrown.com
desgross@chipmanbrown.com
olivere@chipmanbrown.com

*Proposed Counsel to the Debtors and Debtors-In-Possession*