# EXHIBIT B

**(Proposed *Final* Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CMC II, LLC,[1] | Case No. 21-xxxxx (xxx) |
| Debtors. | (*Joint Administration Pending*) |
| | **Related Docket No.:** |

**FINAL ORDER (I) AUTHORIZING CONTINUED USE OF
EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS,
AND BUSINESS FORMS; (II) MODIFYING CERTAIN REQUIREMENTS OF
BANKRUPTCY CODE SECTION 345(b); AND (III) AUTHORIZING
CONTINUANCE OF INTERCOMPANY TRANSACTIONS AND HONORING
CERTAIN RELATED PREPETITION OBLIGATIONS**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an Interim Order and a final order (this "**Order**"), pursuant to sections 105(a), 363, and 503(b) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rules 2015-2 and 9013-1(m), (a) authorizing, but not directing, the Debtors to (i) maintain the Cash Management System and Bank Accounts, (ii) pay related prepetition obligations, and (iii) continue use of their existing Business Forms; (b) modifying certain of the U.S. Trustee Guidelines; (c) modifying certain requirements under section 345(b) of the Bankruptcy Code; and (d) authorizing, but not directing, the Debtors to continue engaging in, and according administrative expense priority status to, Intercompany Transactions; and upon consideration of the First Day Declaration, and the Interim Order; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: CMC II, LLC (6973), Salus Rehabilitation, LLC (4037), 207 Marshall Drive Operations LLC (8470), 803 Oak Street Operations LLC (3900), Sea Crest Health Care Management, LLC (2940), and Consulate Management Company, LLC (5824).   The address of the Debtors' corporate headquarters is 800 Concourse Parkway South, Maitland, Florida 32751.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the First Day Declaration and the record of the Hearing and all the proceedings before this Court; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Motion is GRANTED on a final basis as set forth herein.

2.     Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Debtors, in their discretion, are authorized, but not directed, to (a) designate, maintain, and continue to use any and all of their Bank Accounts in existence as of the Petition Date, with the same account numbers, and need not comply with certain operating guidelines relating to bank accounts set forth in the U.S. Trustee Guidelines; (b) close existing accounts, including, without limitation, any inactive accounts; and (c) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors-in-possession; *provided*, *however*, that the Debtors are only authorized to open new bank accounts (i) after providing notice to the U.S. Trustee; (ii) with a bank that (x) is organized under the laws of the United States of America or any state thereof, (y) is insured by the FDIC, and (z) has executed, or is willing to execute, a Uniform Depository Agreement with the U.S. Trustee; and (iii) that are designated "Debtor-in-Possession" accounts by the relevant bank.

3.      The Debtors are authorized to continue to use their existing Cash Management System.  The Debtors may transfer funds into, out of, and through the Cash Management System using ordinary transfer methods in accordance with the Debtors' prepetition practice.  In connection with the ongoing use of their Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly.  The Debtors and the Banks may agree, without further order of this Court, to implement any changes to the Cash Management System and procedures in the ordinary course of business that they deem appropriate in their sole discretion, including, without limitation, closing any of the Bank Accounts or opening new bank accounts as set forth herein.

4.      The U.S. Trustee Guidelines are hereby modified such that the Debtors are not required to: (a) close all existing bank accounts and open new debtor-in-possession accounts or (b) establish specific bank accounts for tax payments or cash collateral.

5.      In each instance in which the Debtors hold a Bank Account at a Bank that is party to a Uniform Depository Agreement with the U.S. Trustee, within 15 days of the date of entry of this Order, the Debtors will: (a) contact such Bank; (b) provide such Bank with the Debtors' employer identification numbers; and (c) identify each of their bank accounts held at such bank as held by a debtor-in-possession in a bankruptcy case and provide the main case number.

6.      The relief granted in this Order is extended to any new bank account opened by the Debtors after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which shall be deemed a Bank.

7.      The Bank Accounts are deemed debtor-in-possession accounts.  The Debtors are authorized, but not directed, to maintain and use the Bank Accounts in the same manner and with

the same account numbers, styles, and document forms as those employed prior to the Petition Date, including, without limitation: (a) to deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, automated clearinghouse ("**ACH**") transfers, drafts, electronic fund transfers, and other debits or items presented, issued, or drawn on the Bank Accounts; (b) to pay postpetition ordinary course bank fees and service fees in connection with the Bank Accounts; (c) to perform their obligations under the documents and agreements governing the Bank Accounts, including without limitation, any prepetition cash management agreements or treasury services agreements; and (d) to treat the Bank Accounts for all purposes as accounts of the Debtors in their capacities as debtors-in-possession.

8.      Those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

9.      The Banks are authorized without the need for further order of this Court to in the ordinary course of business: (a) continue to administer, service, and maintain, the Bank Accounts as such accounts were administered, serviced, and maintained prior to the Petition Date, without interruption and in the ordinary course; (b) receive, process, honor, and pay any and all checks, drafts, wires, ACH transfers, electronic fund transfers, payment orders, or other items presented, issued, or drawn on the Bank Accounts (collectively, the "**Disbursements**"); and (c) debit the Bank Accounts for (i) all undisputed prepetition bank and service fees outstanding as of the date hereof, if any, owed to the Banks for the maintenance of the Cash Management System; (ii) all checks drawn on the Bank Accounts that were cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; and (iii) all checks or other items

deposited in one of the Bank Accounts with such Bank prior to the Petition Date that have not been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the applicable Debtor was responsible for such items prior to the Petition Date; *provided*, *however*, that checks, drafts, wires, or electronic fund transfers (excluding any electronic fund transfers that the Banks are obligated to settle), or other items presented, issued, or drawn on the Bank Accounts prior to the Petition Date shall not be honored if (x) prohibited by a "stop payment" request received by the Banks from the Debtors or (y) not supported by sufficient funds in the Bank Account in question.

10.     Subject to the provisions of this Order, the Banks are authorized to and shall rely on the representations of the Debtors as to which Disbursements are authorized to be honored or dishonored, whether or not such Disbursements are dated, drawn, or issued prior to, on, or subsequent to the Petition Date, and whether or not the Banks believe the payment is authorized by an order of the Court. The Banks shall not be deemed in violation of this Order and shall have no liability for relying on such representations by the Debtors or honoring any Disbursement that is subject to this Order either (a) at the direction of the Debtors to honor such prepetition Disbursement, (b) in the good-faith belief that this Court has authorized such prepetition Disbursement to be honored, or (c) as a result of an innocent mistake. To the extent that the Debtors direct that any Disbursement be dishonored or the Banks inadvertently dishonor any Disbursements, the Debtors may issue replacement Disbursements consistent with the orders of this Court.

11.     The Banks are further authorized to (a) honor the Debtors' directions with respect to the opening or closing of any Bank Account and (b) accept and hold, or invest, the Debtors'

funds in accordance with the Debtors' instructions, and the Banks shall have no liability to any party for relying on such representations or instructions.

12.     To the extent any other order is entered by this Court authorizing the Banks to honor checks, drafts, ACH transfers, or other electronic funds transfers or any other withdrawals made, drawn, or issued in payment of prepetition claims, the obligation to honor such items shall be subject to this Order.

13.     The Debtors are authorized, but not directed, to pay and/or reimburse their Banks and service providers in the ordinary course of business for any Bank Account Claims arising prior to or after the Petition Date.

14.     Pursuant to Local Rule 2015-2(a), the Debtors are authorized, but not directed to, continue to use their existing Business Forms without alternation or change and without the designation "Debtor-in-Possession" imprinted upon them.

15.     The Debtors are authorized to deposit funds in accordance with existing practices under the Cash Management System as in effect as of the Petition Date, subject to any reasonable non-material changes, consistent with this Order, to the Cash Management System that the Debtors may implement, and, to the extent such practices are inconsistent with the requirements of section 345(b) of the Bankruptcy Code, the Debtors are hereby granted an extension of time for a period of forty-five days (or such additional time to which the U.S. Trustee may agree) from the Petition Date (the "**Extension Period**") within which to either comply with section 345(b) of the Bankruptcy Code or make such other arrangements as agreed with the U.S. Trustee.  Such extension is without prejudice to the Debtors' right to request from this Court a further extension of the Extension Period or a final waiver of the requirements under section 345(b) of the Bankruptcy Code.

16.     The Debtors are authorized, but not directed, to continue to engage in Intercompany Transactions on a postpetition basis in a manner consistent with their practices in effect as of the Petition Date in the ordinary course of business or as necessary to execute the Cash Management System.

17.     All Intercompany Claims arising after the Petition Date owed by a Debtor to another Debtor under any postpetition Intercompany Transactions authorized hereunder are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

18.     Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; (d) granting third-party-beneficiary status or bestowing any additional rights on any third party; or (e) being otherwise enforceable by any third party.

19.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

20.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

21.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.