# <u>Exhibit B</u>

**(Proposed *Final* Order)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CMC II, LLC,[1] | Case No. 21-10461 (xxx) |
| Debtors. | (*Joint Administration Pending*) |
| | **Related Docket No.:** |

### FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY CERTAIN PREPETITION EMPLOYEE OBLIGATIONS AND (B) CONTINUE EMPLOYEE BENEFIT PROGRAMS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for an Interim Order and a final order (this "**Order**") under sections 105(a), 363(b), 507(a), 541, 1107(a), and 1108 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1(m) (i) authorizing, but not directing, the Debtors to, *inter alia*, pay prepetition wages, salaries, employee benefits, and amounts to or on account of Employees or Contractors; (ii) authorizing, but not directing, the Debtors to continue the maintenance of all employee benefit programs in the ordinary course and pay and honor all Employee Benefit Obligations; (iii) authorizing, but not directing, the Debtors to reimburse Employees for Reimbursable Expenses; (iv) authorizing, but not directing, the Debtors to pay over to the appropriate parties all prepetition withholdings from Employees and payroll-related taxes associated with the Employee Claims and the Employee Benefit Obligations; (v) authorizing financial institutions to receive, process, honor, and pay all checks, drafts, and other forms of payment, including fund transfers, used by the Debtors relating to the foregoing; and (vi)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: CMC II, LLC (6973), Salus Rehabilitation, LLC (4037), 207 Marshall Drive Operations LLC (8470), 803 Oak Street Operations LLC (3900), Sea Crest Health Care Management, LLC (2940), and Consulate Management Company, LLC (5824). The address of the Debtors' corporate headquarters is 800 Concourse Parkway South, Maitland, Florida 32751.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

granting related relief; and upon consideration of the First Day Declaration and the Interim Order; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all the proceedings before this Court; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay and/or honor, in their sole discretion, the Prepetition Employee Obligations as and when such obligations are due up to a maximum aggregate cap of $3,736,400.00.

3. The Debtors are authorized, but not directed, in their sole discretion, to continue their Employee Benefit Programs and to honor any Employee Benefit Obligations in connection therewith (including, but not limited to, the Medical Plans, the Dental and Vision Plans, the Other Insurance Plans, the HSA program, and the 401(k) Plan) in the ordinary course up to a maximum aggregate cap of $85,000.00; *provided, however*, that such relief shall not constitute or be deemed

an assumption or an authorization to assume any of such Employee Benefit Programs under section 365(a) of the Bankruptcy Code.

4. Nothing in this Order shall be construed as approving any transfer pursuant to 11 U.S.C. § 503(c). No payment to any Employee may be made pursuant to this Order to the extent that such payment is a transfer in derogation of 11 U.S.C. § 503(c). For the avoidance of doubt, this Order does not implicitly or explicitly approve any bonus plan, incentive plan, or other plan to the extent subject to 11 U.S.C. § 503(c).

5. The Debtors are authorized, but not directed, in their sole discretion, to reimburse Employees for prepetition Reimbursable Expenses up to a maximum aggregate cap of $740,000.00.

6. The Debtors are authorized, but not directed, in their sole discretion, to continue to administer and honor the Corporate Bonus Plans, the Spot Awards, Compassion Pay, Shift Pick-Up Bonuses, their PTO and leave policies, Tuition Reimbursement Program, and Employee relocation program, and to honor and pay any prepetition obligations related thereto up to a maximum aggregate cap of $17,000.00.

7. The Debtors are authorized, but not directed, in their sole discretion, to continue and administer the Workers' Compensation Program, and to honor and pay any prepetition obligations related thereto up to a maximum aggregate cap of $58,500.00.

8. The Debtors are authorized, but not directed, in their sole discretion, to pay all Employee Withholdings as and when such obligations are due. The Debtors may remit any and all amounts withheld from Employees, including social security, FICA, federal and state income taxes, garnishments, health care payments, other insurance premiums, retirement fund

withholding, and other types of withholding, whether these amounts relate to the period prior to the date of the Debtors' chapter 11 filings or subsequent thereto.

9. All Banks are: (a) authorized and directed to receive, process, honor and pay any and all prepetition and postpetition checks, drafts, electronic transfers and other forms of payment used by the Debtors to satisfy their Prepetition Employee Obligations, whether presented before, on, or after the Petition Date; *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments; and (b) prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of Prepetition Employee Obligations. The Banks shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Order or for inadvertently honoring or dishonoring any check or fund transfer.

10. The Debtors are authorized to issue new postpetition checks to replace any checks, drafts, and other forms of payment, or effect new postpetition electronic transfers, on account of the Prepetition Employee Obligations, which may be inadvertently dishonored or rejected and to reimburse any expenses that may be incurred as a result of any Bank's failure to honor a prepetition check.

11. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claims, including any claim held by an Employee or any third party.

12. Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Order.

13. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as: (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; (d) granting third-party-beneficiary status or bestowing any additional rights on any third party; or (e) being otherwise enforceable by any third party.

14. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

15. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.