# **<u>EXHIBIT 3</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CMC II, LLC *et al.*,[1] | Case No. 21-10461 (JTD) |
| Debtors. | (Jointly Administered) |

**NOTICE OF PROPOSED ASSUMPTION, ASSIGNMENT, AND CURE AMOUNTS WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS**

**PLEASE TAKE NOTICE REGARDING THE FOLLOWING:**

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE A PARTY TO A DESIGNATED CONTRACT. A LIST OF THE DESIGNATED CONTRACTS IS ATTACHED HERETO AS <u>EXHIBIT A</u>. TO RECEIVE CURE AMOUNT INFORMATION BY EMAIL, YOU MUST PROVIDE AN EMAIL ADDRESS TO THE DEBTORS OR THEIR COUNSEL.**

1. On March 1, 2021, CMC II, LLC and its affiliates, as debtors and debtors-in-possession (the "**Debtors**") each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

2. The Debtors have entered an Asset Purchase Agreement (the "**SNF Stalking Horse APA**") with Assisted 4 Living, Inc. (the "**SNF Stalking Horse Bidder**"), by which the SNF Stalking Horse Bidder or its designee of the Stalking Horse Bidder, as permitted pursuant to the SNF Stalking Horse APA, will acquire all or substantially all of the assets (the "**SNF Assets**") of 207 Marshall Drive Operations LLC and 803 Oak Street Operations LLC (collectively, the "**SNF Sellers**"), as further described in the SNF Stalking Horse APA.

3. On March 11, 2021, in connection with a proposed sale of the Assets pursuant to section 363 of the Bankruptcy Code (the "**Sale**") to the successful bidder (the "**Successful Bidder**") at an auction, if necessary (the "**Auction**"), the Debtors filed a motion (the "**Motion**"), seeking, among other things, (i) entry of an order approving the bidding procedures governing the solicitation of higher or better bids; (ii) establishing procedures for the assumption or assignment

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: CMC II, LLC (6973), Salus Rehabilitation, LLC (4037), 207 Marshall Drive Operations LLC (8470), 803 Oak Street Operations LLC (3900), Sea Crest Health Care Management, LLC (2940), and Consulate Management Company, LLC (5824). The address of the Debtors' corporate headquarters is 800 Concourse Parkway South, Maitland, Florida 32751.

and assumption of executory contracts; (iii) scheduling a Sale Hearing; and (iv) granting related relief.

4. By order, dated April __, 2021 (Docket No. __) (the "**SNF Bidding Procedures Order**"), the Bankruptcy Court approved the bidding procedures (the "**SNF Bidding Procedures**") that govern the sale of, or other transaction to acquire, the SNF Assets by the highest and best bidder. Pursuant to the Sale and the Stalking Horse APA, the Debtors will assume and assign the Designated Contracts (as defined herein) to the Successful Bidder pursuant to the Sale Order to be entered approving the Sale following the Sale Hearing, and upon the consummation of the Sale and the effectiveness of such assumption and assignment, the Successful Bidder shall continue to perform under the applicable Designated Contracts.

5. Pursuant to the Bidding Procedures Order, the Debtors hereby provide notice that they may seek to assume and assign to the Successful Bidder the executory contracts or unexpired leases (each, a "**Designated Contract**") listed on **Exhibit A** attached hereto. No later than ten (10) business days following the effective date of such assumption and assignment, the Successful Bidder will pay the Debtors' good-faith estimates of the amount of the required cure payments, as set forth on **Exhibit A** (the "**Cure Amount**") that relate to the Designated Contracts covered by each Successful Bid. The payment of the Cure Amount by the Successful Bidder, as applicable, shall (i) constitute a cure of all defaults existing under the Designated Contracts, as applicable, and (ii) compensate the non-Debtor counterparties to such Designated Contracts for any actual pecuniary loss to such counterparty resulting from such default. The Cure Amounts are the only amounts proposed to be paid upon any assumption or assumption and assignment of the Designated Contracts, in full satisfaction of all amounts outstanding under the Designated Contracts.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE A PARTY TO A DESIGNATED CONTRACT. A LIST OF THE DESIGNATED CONTRACTS IS ATTACHED HERETO AS EXHIBIT A.**

6. The inclusion of an executory contract or unexpired lease as a Designated Contract on **Exhibit A** is not a guarantee that such contract or unexpired lease will ultimately be assumed and assigned. Should it be determined that any Designated Contract will not be assumed and assigned, the non-Debtor counterparty to such Designated Contract will be notified in writing of such decision.

7. The Debtors may designate, up to and including at the Sale Hearing (the "**Designation Deadline**"), additional executory contracts and/or unexpired leases as agreements to be assumed by the Debtors and assigned to a Successful Bidder (the "**Additional Designated Contracts**"). As soon as practicable, the Debtors shall serve a Contract Assumption Notice on each of the counterparties to such Additional Designated Contracts and their counsel of record, if any, with a copy to the Consultation Parties, indicating (i) that the Debtors intend to assume and assign the counterparty's executory contract or unexpired lease to a Successful Bidder, (ii) any assignee, and (iii) the corresponding estimated Cure Amount.

8. The Debtors may remove any executory contract or unexpired lease, as applicable, to be assumed by the Debtors and assigned to a Successful Bidder (the "**Eliminated Agreements**")

through and including the Designation Deadline. The Debtors will, as soon as reasonably practicable after identifying an Eliminated Agreement, serve a notice on each of the impacted counterparties and their counsel of record, if any, with a copy to the Consultation Parties, indicating that the Debtors no longer intend to assume and assign the counterparty's executory contract or unexpired lease in connection with the Sale.

9. Although the Debtors intended to make a good-faith effort to identify all Designated Contracts that may be assumed and assigned in connection with the Sale, the Debtors may discover that certain executory contracts were inadvertently omitted from the Designated Contracts list, or a Successful Bidder may identify other executory contracts that they desire to assume and assign in connection with the Sale. Accordingly, notwithstanding any provision herein to the contrary, the Debtors reserve the right at any time after the Designation Deadline and before the closing of the Sale, to (i) supplement the list of Designated Contracts with previously omitted executory contracts, (ii) remove Designated Contracts from the list of executory contracts ultimately selected as Designated Contracts that a Successful Bidder proposes be assumed and assigned to it in connection with a Sale, and/or (iii) modify the previously stated Cure Amount associated with any Designated Contracts. In the event the Debtors exercise any of these reserved rights, the Debtors will promptly serve a supplemental notice of contract assumption and assignment (a "**Supplemental Assumption Notice**") on each of the counterparties to such Designated Contracts and their counsel of record, if any, with a copy to the Consultation Parties; provided, however, the Debtors may not add an executory contract to the list of Designated Contracts that has been previously rejected by the Debtors by order of the Bankruptcy Court. Each Supplemental Assumption Notice will include the same information with respect to listed Designated Contracts as was included in the Contract Assumption Notice.

10. Objections, if any, to the proposed assumption and assignment or the Cure Amount proposed with respect thereto must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Amount, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Bankruptcy Court and served upon counsel to the Debtors, counsel to the SNF Stalking Horse Bidder, and counsel to the Committee so as to be actually received by **May 26, 2021, at 5:00 p.m. (Eastern)**, or such deadline set forth in the applicable Supplemental Assumption Notice. Any subsequently added contract for which notice is served later than May 20, 2021 will have an extended objection deadline equal to seven (7) days from the date of notice. If a Successful Bidder that is not the SNF Stalking Horse Bidder prevails at the Auction, then the deadline to object to assumption and assignment solely with respect to the adequate assurance of future payment from such Successful Bidder shall be extended to **May 27, 2021, at 5:00 p.m. (Eastern)**;[2] provided, however, that the deadline to object to the Cure Amount or other matters unrelated to the identity of such Successful Bidder shall not be extended.

---

[2] The Debtors will file, as promptly as possible after the close of the Auction, but, in any event by **May 26, 2021, at 12:00 p.m. (Eastern)**, a Notice of Successful Bidder (as defined in the Motion). The Debtors will also transmit the Notice of Successful Bidder by electronic mail or facsimile, where available, to the counterparties to the Designated

- 3 -

11. If an objection to the Cure Amount or assumption and assignment is timely filed and not resolved by the parties, a hearing with respect to the objection will take place before the Honorable John T. Dorsey of the United States Bankruptcy Court for the District of Delaware, 824 Market St. N., Courtroom # 5, Wilmington, Delaware 19801 at the Sale Hearing to be held on **June 2, 2021, at 1:00 p.m. (Eastern)**. A hearing regarding the Cure Amount, if any, may be continued at the discretion of the Debtors and the Successful Bidder until after the closing of the Sale. Under current Bankruptcy Court procedures, which are subject to change by the Court, hearings are being conducted through Zoom rather than in person.

12. Any party that does not timely object to the Cure Amount, the proposed assumption and assignment of a Designated Contract or Additional Designated Contract listed on the Contract Assumption Notice or Supplemental Assumption Notice, or any Sale is deemed to have consented to (a) such Cure Amount, (b) the assumption and assignment of such Designated Contract or Additional Designated Contract (including the adequate assurance of future payment), (c) the related relief requested in the Motion, and (d) the Sale. **Such party shall be forever barred and estopped from objecting to (i) the Cure Amount, (ii) the assumption and assignment of the Designated Contract, or Additional Designated Contract, (iii) adequate assurance of future performance, (iv) the relief requested in the Motion, and (v) the Sale, whether applicable law otherwise excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidders and/or the Debtors, for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtors or the Successful Bidders, as applicable, with respect to such party's Designated Contract or Additional Designated Contract. The assumption and assignment of the Designated Contract or Additional Designated Contract will not be deemed assumed and assigned until the later of (a) the date the Court has entered an order authorizing the assumption and assignment of such Designated Contract or (b) the date the Sale is closed.**

13. After the Auction (if any), the Debtors will file a notice that identifies the Successful Bidder. The Debtors and/or any Successful Bidder reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on **Exhibit A** hereto.

14. Notwithstanding anything to the contrary herein or in the Motion, the Bidding Procedures, or the Bidding Procedures Order, service of this Contract Assumption Notice does not constitute an admission that any contract is an executory contract, that any lease is unexpired, or that the stated Cure Amount related to any executory contract or unexpired lease constitutes a claim against the Debtors or establishes any rights against any Successful Bidder (all rights with respect thereto being expressly reserved); provided further, that, following the Auction, the Successful Bidder or the Debtors, as applicable, reserve all rights to assert that any Cure Amount is lower than the Debtors' estimate, subject to each counterparty's opportunity to object.

**THE INCLUSION OF A CONTRACT OR UNEXPIRED LEASE ON THIS CONTRACT ASSUMPTION NOTICE IS NOT A GUARANTEE THAT SUCH CONTRACT OR UNEXPIRED LEASE WILL ULTIMATELY BE ASSUMED AND ASSIGNED.**

---

Contracts and will post the Notice of Successful Bidder on the claims and noticing agent's case-dedicated website at https://www.cases.stretto.com/CMC.

Dated: April __, 2021  **CHIPMAN BROWN CICERO & COLE, LLP**
      Wilmington, Delaware

*/s/ Draft*

William E. Chipman, Jr. (No. 3818)
Robert A. Weber (No. 4013)
Mark L. Desgrosseilliers (No. 4083)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:   (302) 295-0191
Facsimile:   (302) 295-0199
Email:   chipman@chipmanbrown.com
        weber@chipmanbrown.com
        desgross@chipmanbrown.com
        olivere@chipmanbrown.com

*Proposed Counsel to the Debtors and Debtors-In-Possession*