# **EXHIBIT 4**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CMC II, LLC *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-10461 (JTD)<br><br>(Jointly Administered) |

## ASSUMPTION PROCEDURES

On March 1, 2021, CMC II, LLC and its affiliated debtors (collectively, the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Debtors have entered an Asset Purchase Agreement (the "**SNF Stalking Horse APA**") with Assisted 4 Living, Inc. (the "**SNF Stalking Horse Bidder**"), by which the SNF Stalking Horse Bidder or its designee, as permitted pursuant to the SNF Stalking Horse APA, will acquire all or substantially all of the assets (the "**SNF Assets**") of 207 Marshall Drive Operations LLC and 803 Oak Street Operations LLC (collectively, the "**SNF Sellers**"), as further provided in the SNF Stalking Horse APA.

On March 11, 2021, in connection with a proposed sale of the SNF Assets pursuant to section 363 of the Bankruptcy Code (the "**Sale**") to the successful bidder (the "**Successful Bidders**") at an auction (the "**Auction**"), the Debtors filed a motion (the "**Motion**"),[2] seeking, among other things, (i) entry of an order approving certain bidding procedures governing the solicitation of higher or better Bids; (ii) establishing procedures for the assumption or assignment and assumption of executory contracts; (iii) scheduling a Sale Hearing; and (iv) granting related relief.

On April __, 2021, the Bankruptcy Court entered an order (Docket No. ___) (the "**SNF Bidding Procedures Order**") approving certain bidding procedures (the "**SNF Bidding Procedures**"). In connection with the SNF Bidding Procedures and associated sale process, the Debtors have developed the below assumption procedures (the "**Assumption Procedures**"). The Assumption Procedures will facilitate the fair and orderly assumption and assignment of certain executory contracts and unexpired leases in connection with the Sale.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: CMC II, LLC (6973), Salus Rehabilitation, LLC (4037), 207 Marshall Drive Operations LLC (8470), 803 Oak Street Operations LLC (3900), Sea Crest Health Care Management, LLC (2940), and Consulate Management Company, LLC (5824). The address of the Debtors' corporate headquarters is 800 Concourse Parkway South, Maitland, Florida 32751.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

- 1 -

The Assumption Procedures are as follows:

### I. CONTRACT ASSUMPTION NOTICE.

No later than **May 5, 2021**, at 11:59 p.m. (Eastern) (the **"Assumption and Assignment Service Deadline"**), the Debtors shall serve a notice of contract assumption in substantially the form attached to the SNF Bidding Procedures Order as **Exhibit 3** (the **"Contract Assumption Notice"**) by first-class mail on all counterparties to all contracts expected to be assumed and assigned (**"Designated Contracts"**). The Contract Assumption Notice will inform the counterparties of the timing and procedures relating to such assumption, and, to the extent applicable, (i) the title of the executory contract or unexpired lease, as applicable, (ii) the name of the counterparty to the executory contract or unexpired lease, (iii) the Debtors' good faith estimates of the amount of the required cure payments, if any (the **"Cure Amounts"**) related to the applicable executory contract or unexpired lease, as applicable, and (iv) the Sale Objection Deadline. Service of a Contract Assumption Notice does not constitute an admission that any contract is an executory contract, that any lease is unexpired, or that the stated Cure Amount related to any executory contract or unexpired lease constitutes a claim against the Debtors or establishes any rights against any Successful Bidder (all rights with respect thereto being expressly reserved). Following the Auction, the Successful Bidder or the Debtors, as applicable, reserve all rights to assert that any Cure Amount is lower than the Debtors' estimate, subject to each counterparty's opportunity to object.

**The inclusion of a contract or unexpired lease on the Contract Assumption Notice is not a guarantee that such contract or unexpired lease will ultimately be assumed and assigned. Contract counterparties that wish to receive information via email must provide their email information to the Debtors or their counsel.**

### II. CURE AMOUNTS.

The payment of a Cure Amount by a Successful Bidder shall (i) constitute a cure of all defaults existing under an executory contract(s) or expired lease(s), as applicable, and (ii) compensate the non-Debtor party for any actual pecuniary loss to such counterparty resulting from such default.

### III. ADDITIONS.

The Debtors may designate, until the earlier of the dates set forth in the SNF Stalking Horse APA or the Sale Hearing (the **"Designation Deadline"**), additional executory contracts and/or unexpired leases as agreements to be assumed by the Debtors and assigned to a Successful Bidder (the **"Additional Designated Contracts"**). As soon as practicable, the Debtors shall serve a Contract Assumption Notice on each of the counterparties to such Additional Designated Contracts and their counsel of record, if any, indicating (i) that the Debtors intend to assume and assign the counterparty's executory contract or unexpired lease to a Successful Bidder, (ii) any assignee, and (iii) the corresponding estimated Cure Amount. The Debtors shall also serve promptly a summary of adequate assurance information for Successful Bidder and any Back-Up Bidder.

### IV. ELIMINATIONS.

The Debtors may remove any executory contract or unexpired lease, as applicable, to be assumed by the Debtors and assigned to a Successful Bidder (the **"Eliminated Agreements"**) through and including the Designation Deadline. The Debtors shall, as soon as reasonably practicable after identifying an Eliminated Agreement, serve a notice on each of the impacted counterparties and their counsel of record, if any, indicating that the Debtors no longer intend to assume and assign the counterparty's executory contract or unexpired lease to a Successful Bidder in connection with the Sale.

V. SUPPLEMENTAL CONTRACT ASSUMPTION NOTICE.

Although the Debtors intend to make a good faith effort to identify all Designated Contracts that may be assumed and assigned in connection with a Sale, the Debtors may discover that certain executory contracts were inadvertently omitted from the Designated Contracts list, or the Successful Bidders may identify other executory contracts that they desire to assume and assign in connection with the Sale. Accordingly, the Debtors reserve the right at any time after the Assumption and Assignment Service Deadline and before the closing of a Sale, to (i) supplement the list of Designated Contracts with previously omitted executory contracts, (ii) remove Designated Contracts from the list of executory contracts ultimately selected as Designated Contracts that a Successful Bidder proposes be assumed and assigned to it in connection with a Sale, and/or (iii) modify the previously stated Cure Amount associated with any Designated Contracts. In the event the Debtors exercise any of these reserved rights, the Debtors will promptly serve a supplemental notice of contract assumption and assignment (a **"Supplemental Assumption Notice"**) on each of the counterparties to such Designated Contracts and their counsel of record, if any; provided, however, the Debtors may not add an executory contract to the list of Designated Contracts that has been previously rejected by the Debtors by order of the Bankruptcy Court. Each Supplemental Assumption Notice will include the same information with respect to listed Designated Contracts as was included in the Contract Assumption Notice.

VI. OBJECTIONS.

Objections, if any, to the proposed assumption and assignment or the Cure Amount proposed with respect thereto must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Amount, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Bankruptcy Court and served upon counsel to the Debtors, counsel to the SNF Stalking Horse Bidder, and counsel to the Committee, so as to be actually received by **May 26, 2021, at 5:00 p.m. (Eastern)**, or such deadline set forth in the applicable Supplemental Assumption Notice. If a Successful Bidder that is not the SNF Stalking Horse Bidder prevails at the Auction, then the deadline to object to assumption and assignment solely with respect to the adequate assurance of future payment from such Successful Bidder or the identity of such Successful Bidder shall be extended to **May 27, 2021, at 5:00 p.m. (noon) (Eastern)**; provided, however, that the deadline to object to the Cure Amount or other matters unrelated to the identity of such Successful Bidder shall not be extended.

If an objection to the Cure Amount or assumption and assignment is timely filed and not resolved by the parties, a hearing with respect to the objection will take place before the Honorable John T Dorsey of the United States Bankruptcy Court for the District of Delaware, 824 Market St. N., Courtroom #5 Wilmington, Delaware 19801 at the Sale Hearing to be held on **June 2, 2021 at 1:00 p.m. (Eastern)**.  A hearing regarding the Cure Amount, if any, may be continued or scheduled at the discretion of the Debtors and the applicable Successful Bidder after the closing of the Sale. Under current procedures, hearings before the Bankruptcy Court are being conducted via Zoom rather than in person.

The Debtors shall provide copies of all Contract Assumption Notices and Supplemental Assumption Notices to the Consultation Parties.

Any party that does not timely object to the Cure Amount, the proposed assumption and assignment of a Designated Contract or Additional Designated Contract listed on the Contract Assumption Notice or Supplemental Assumption Notice, or any Sale is deemed to have consented to (a) such Cure Amount, (b) the assumption and assignment of such Designated Contract or Additional Designated Contract (including the adequate assurance of future payment), (c) the related relief requested in the Motion, and (d) the Sale.  **Such party shall be forever barred and estopped from objecting to (i) the Cure Amount, (ii) the assumption and assignment of the Designated Contract, or Additional Designated Contract, (iii) adequate assurance of future performance, (iv) the relief requested in the Motion, and (v) the Sale, whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidder and/or the Debtors, for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtors or the applicable Successful Bidder with respect to such party's Designated Contract or Additional Designated Contract.  The assumption and assignment of the Designated Contract or Additional Designated Contract will be deemed assumed and assigned effective on the later of (a) the date the Court has entered an order authorizing the assumption and assignment of such Designated Contract or (b) the date the applicable Sale has closed.**